**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Haney,<br><br>        Plaintiff,<br><br>    vs.<br><br>Americus Logistics, L.L.C.,<br><br>        Defendant. | No. CIV 05-1117 PHX RCB<br><br>O R D E R |

On April 13, 2005, Plaintiff Sharon Haney, filed an employment discrimination suit against Americus Logistics, L.L.C. ("Americus"). Complt. (doc. 1). She asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Arizona Civil Rights Act, A.R.S. § 41-1401, *et seq.* ("ACRA"). Id. at 1. These claims are based on Haney's employment with and subsequent discharge from Americus. Id. at 2-5.

Currently pending before the Court is Americus' motion for summary judgment, filed on August 4, 2005. Motion (doc. 8). This

motion was fully briefed on October 26, 2005.[1] Reply (doc. 18). Having carefully considered all the arguments raised by the parties, the Court now rules.

**I. Factual Background**

Haney began her employment with Americus in November 2003. During the time period relevant to the present litigation, Haney worked as a security officer at the receiving dock of Fry's warehouse. Haney's employment duties with Americus included checking shipping documents on warehouse truck traffic at the warehouse. It is unclear whether Haney's position was performed completely indoors, or if her duties required her to occasionally leave her indoor post to inspect trucks and other vehicles traveling to and from the warehouse.

On or about May 5, 2004, Haney was hospitalized for a heart attack, which resulted in a one month absence from work. On or about June 8, 2004, Haney submitted a Return to Work Permit signed by Carrie Solodky, ND, certifying that Haney could return to "Regular Duty." On that same day, Haney reported to work and returned to her regular duties.

Thereafter, Haney's supervisor at Americus informed Haney that her employment duties were to be changed, requiring her to perform duties in an outdoor position outside of the warehouse. On or about July 30, 2004, Haney presented Americus a second Return to Work Permit, signed by Solodky, again certifying that Haney could perform "Regular Duty" work. However, in the

---

[1] Both parties requested oral argument on this matter. Notice of Errata (doc. 10); Resp. (doc. 12). The Court, finding oral argument unnecessary, denies both requests.

1  "Remarks" section of the July 30, 2004 Return to Work Permit,
2  Solodky noted that Haney had been advised "not to do any physical
3  work outside - especially during the summer months - Temps >
4  85°F." Due to her condition, Haney requested that she be allowed
5  to return to her former "indoor" position at the warehouse.
6  Americus, however, refused this request.
7  　　　On or about August 2, 2004, Haney refused to return to work.
8  She claimed that her doctor restricted her from all outdoor
9  activity. Americus advised Haney that she needed to secure an
10 additional medical release stating her claimed limitations or
11 complete a Family Medical Leave Act ("FMLA") application in order
12 to retain her position. Haney did not provide another release
13 form, nor did she complete an FMLA application. She explains that
14 she did not complete an FMLA application because "leave taken
15 under the FMLA is without pay." Resp. (doc. 12) at 3.
16 　　　Haney was absent from work in excess of one month. Americus
17 asserts that it then considered Haney to have abandoned her
18 position and to have voluntarily resigned.
19 **II.  Standard of Review**
20 　　　To grant summary judgment, the Court must determine that the
21 record before it contains "no genuine issue as to any material
22 fact" and, thus, "that the moving party is entitled to judgment
23 as a matter of law."  Fed.R.Civ.P. 56(c).  In determining whether
24 to grant summary judgment, the Court will view the facts and
25 inferences from these facts in the light most favorable to the
26 nonmoving party.  See Matsushita Elec. Co. v. Zenith Radio Corp.,
27 475 U.S. 574, 587 (1986).
28 　　　Summary judgment is appropriate "against a party who fails

1 to make a showing sufficient to establish the existence of an
2 element essential to that party's case, and on which that party
3 will bear the burden of proof at trial." <u>Celotex Corp. v.</u>
4 <u>Catrett</u>, 477 U.S. 317, 322 (1986). "In such a situation, there
5 can be 'no genuine issue as to any material fact,' since a
6 complete failure of proof concerning an essential element of the
7 nonmoving party's case necessarily renders all other facts
8 immaterial." <u>Id.</u> at 323. In such a case, the moving party is
9 entitled to a judgment as a matter of law. <u>Id.</u>

10 The mere existence of some alleged factual dispute between
11 the parties will not defeat an otherwise properly supported
12 motion for summary judgment; the requirement is that there be no
13 genuine issue of material fact.  <u>See</u> <u>Anderson v. Liberty Lobby,</u>
14 <u>Inc.</u>, 477 U.S. 242, 247-48 (1986).  A material fact is any
15 factual dispute that might affect the outcome of the case under
16 the governing substantive law.  <u>Id.</u> at 248.  A factual dispute is
17 genuine if the evidence is such that a reasonable jury could
18 resolve the dispute in favor of the nonmoving party.  <u>Id.</u>

19 A party opposing a motion for summary judgment cannot rest
20 upon mere allegations or denials in the pleadings or papers, but
21 instead must set forth specific facts demonstrating a genuine
22 issue for trial.  <u>See</u> <u>id.</u> at 250.  Finally, if the nonmoving
23 party's evidence is merely colorable or is not significantly
24 probative, a court may grant summary judgment.  <u>See</u>, <u>e.g.</u>,
25 <u>California Architectural Build. Prods., Inc. v. Franciscan</u>
26 <u>Ceramics</u>, 818 F.2d 1466, 1468 (9th Cir. 1987).
27 **III. Discussion**
28 Haney includes two counts in her Complaint; Count I asserts

- 4 -

a claim under the ADA, and Count II asserts a claim under the ACRA. Complt. (doc. 1). Haney alleges that Americus violated these statutes by (1) refusing to provide her reasonable accommodation; and (2) terminating her employment because of her alleged disability. Id. at 2-5. Americus moves for summary judgment on both counts, arguing that Haney's claims fail because she has not shown herself to be disabled under the ADA or the ACRA. Motion (doc. 8) at 1.

**A. Disability Under the ADA and ACRA**

In order to qualify for relief under the ADA or ACRA, a party must establish that he or she is disabled within the meaning of the statutes. See 42 U.S.C. § 12101;[2] 29 C.F.R. § 1630.4; A.R.S. § 41-1463(F). Both federal and state laws define "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2); A.R.S. § 41-1491 (providing that "[d]isability shall be defined as the term is defined by the Americans with disabilities Act of 1990 (P.L. 101-336)"). "Major

---

[2] To prevail on an employment termination claim under the ADA, a plaintiff must establish:

> (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996) (quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).

-5-

1  Life Activities," include "functions such as caring for oneself,
2  performing manual tasks, walking, seeing, hearing, speaking,
3  breathing, learning, and working." 29 C.F.R. § 1630.2(i).
4      Even where an impairment limits a major life activity, an
5  ADA claimant must demonstrate that the condition "substantially
6  limits" the major life activity. 42 U.S.C. § 12102(2)(A).
7  Although the ADA does not define "substantially limits," the
8  Supreme Court interprets the term to suggest "'considerable' or
9  'specified to a large degree.'" <u>Sutton v. United Air Lines, Inc.</u>,
10 527 U.S. 471, 491 (1999). Furthermore, federal regulations define
11 "substantially limits" to mean:

> (i)  Unable to perform a major life activity that the average person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

17 29 C.F.R. § 1630.2(j).
18      When "working" is the major life activity claimed to be
19 substantially limited, the claimant must demonstrate that he or
20 she is "significantly restricted in the ability to perform either
21 a class of jobs or a broad range of jobs in various classes as
22 compared to the average person having comparable training, skills
23 and abilities." 29 C.F.R. § 1630.2(j)(3)(i); <u>Thompson v. Holy
24 Family Hospital</u>, 121 F.3d 537, 540 (9th Cir. 1997). "The
25 inability to perform a single, particular job does not constitute
26 a substantial limitation in the major life activity of working."
27 29 C.F.R. § 1630.2(j)(3)(i).
28      In the present case, the major life activity that Haney

asserts was substantially limited by her post-heart attack condition is the activity of working.[3] Resp. (doc. 12) at 4. The

---

[3] It is unclear to the Court whether Haney claims that other major life activities were substantially limited by her post-heart attack condition. Included with her response to Americus' motion for summary judgment, Haney filed the Affidavit of Nurse Practitioner Carrie Solodky, wherein Solodky states that "Haney is disabled from performing manual tasks, including working, walking or standing in temperatures exceeding 85 degrees[.]" Solodky Affidavit (doc. 15) at 2. The activities of performing manual tasks, walking, and standing were not specifically claimed in Haney's complaint, nor were they further argued in Haney's response to Americus' motion. Such activities have only been raised in Solodky's Affidavit, and Haney's Response and Statement of Facts citing Solodky's Affidavit. Id.; Resp. (doc. 12) at 2; PSOF (doc. 13) at 3.
  Although not explicitly listed in the implementing regulations, the Court shall assume for purposes of this motion only that "standing" qualifies as a major life activity. See 29 C.F.R. § 1630.2(i). However, even if the Court finds these claims raised and considers them in relation to Americus' motion, there is an insufficient amount of evidence with which to establish that Haney is substantially limited in the major life activities of performing manual tasks or walking, or the assumed major life activity of standing.
  An ADA claimant cannot rely solely on a medical diagnosis, but instead must offer "evidence that the extent of the limitation [caused by their impairment] in terms of their own experience...is substantial." Toyota Motor Mfg., Kentucky, Inc., v. Williams, 534 U.S. 184, 198 (2002), quoting Albertson's Inc. v. Kirkingburg, 527 U.S. 555, 567 (1999). Additionally, the inquiry must focus on the effect of the impairment on the individual's daily life, not on the individual's ability to perform a specific job. Id. at 200-01.
  Even when viewing the evidence in the light that is most favorable to Haney, the Court finds that she has not demonstrated that her post-heart attack condition substantially limits the major life activities of performing manual tasks or walking, or the assumed major life activity of standing. Haney does not identify, specifically or by class, any of the manual tasks that she is unable to perform, nor does she point to specific facts supporting a claim that her ability to walk and stand are substantially limited by her condition. Furthermore, Solodky's Affidavit is also devoid of any specific facts that support the conclusion that Haney's ability to perform manual tasks, walk and stand is substantially limited. Thus, the Court concludes that Haney has not created a genuine issue of a material fact concerning whether her post-heart attack condition substantially limits the major life activities of performing manual tasks and walking, or the assumed

1  only evidence submitted by Haney that indicates any limitation on
2  her ability to work is a Return to Work Permit signed by Nurse
3  Practitioner Carrie Solodky and Solodky's affidavit. Exbt. C
4  (doc. 9); Solodky Affidavit (doc. 15). In the Return to Work
5  Permit, Solodky indicated that Haney could return to working
6  "regular duty" at her job with Americus.  Exbt. C (doc. 9). In
7  addition, Solodky included the following note in the "Remarks"
8  section of the form:
9      Pt has been advised not to do any physical work
       outside - especially during the summer months -
10      Temps > 85°F.
11 Id. Solodky clarifies this remark in her submitted affidavit.
12 Solodky Affidavit (doc. 15) at 2.
13      As a result of her heart attack, Sharon Haney was
       totally disabled and unable to work from May 5,
14      2004, until I released her to return to work on
       June 8, 2004. When she returned to work, I advised
15      her not to work under physically stressful
       conditions, including doing outside work when
16      outside temperatures exceeded 85 degrees.
17 Id.
18      The Court finds that Haney has not raised a genuine issue of
19 fact as to whether her condition curtails her general ability to
20 work. She presents absolutely no evidence regarding the class of
21 jobs available to her based on her training, skills, and
22 abilities. Moreover, she points to no evidence indicating that
23 the limitations incurred from her heart attack preclude her from
24 engaging in an entire class of jobs. Haney asserts that she has
25 satisfied this element by stating that she cannot perform "any
26 job in the Phoenix metropolitan area requiring extended duties
27 ―――――――――――――――
28 major life activity of standing.

- 8 -

1  outdoors, where temperatures consistently exceed 85 degrees for
2  most of the year." Resp. (doc. 12) at 4. This, however, does not
3  exclude her from performing any security job that does not
4  require her to be outside when the temperatures are 85 degrees
5  Fahrenheit or above. In actuality, Haney, herself, concedes that
6  she is able to conduct such work, as she argues that Americus
7  should have allowed her to continue working in an "indoor"
8  position that she asserts was given to another employee. Id. at
9  4-5.
10     Summary judgment is appropriate "against a party who fails
11 to make a showing sufficient to establish the existence of an
12 element essential to that party's case, and on which that party
13 will bear the burden of proof at trial." Celotex Corp., 477 U.S.
14 at 322. Finding no evidence that Haney is significantly
15 restricted in her ability to perform either a class of jobs or a
16 broad range of jobs in various classes as compared to the average
17 person having comparable training, skills and abilities, the
18 Court concludes that no reasonable jury could find that Haney is
19 disabled under the ADA or ACRA.
20     Therefore,
21     IT IS ORDERED that Americus' motion for summary judgment
22 (doc. 8) is GRANTED.
23     DATED this 8th day of December, 2005.

_____
Robert C. Broomfield
Senior United States District Judge

28 Copies to counsel of record